# LAW OFFICE OF CHARLES A. HIGGS

NYC: 450 Lexington Ave. FL 4, New York, NY 10017
White Plains: 75 S. Broadway Suite 429, White Plains, NY 10601
(917) 673-3768//Charles@FreshStartEsq.com

Dated: March 11, 2020

Re: Status Letter
In re: VP WILLIAMS TRANS., LLC/Bankr. Case No. 20-10521 (MEW)

Dear Hon. Michael E. Wiles,

  I am the attorney for VP Williams Trans, LLC, the Debtor in the above Subchapter V, Chapter 11 bankruptcy case. Please allow this letter to serve as the status letter required under Section 1188(c) of the Bankruptcy Code. In accordance with Section 1188(c) below is a status of the steps the Debtor has taken and will undertake to attain a consensual plan of reorganization in this case:

  The Debtor's plan of reorganization will primarily address two loans related to the sole taxi medallion owned by the Debtor. The loans were originally with Melrose Credit Union, Melrose Credit Union was ultimately liquidated by the National Credit Union Administration (the "NCUA"). Thereafter and leading up to the Debtor's bankruptcy filing, the loans were serviced by Midland Loan Services on behalf of the NCUA as receiver for Melrose Credit Union. In an effort to determine the current value of the taxi medallion, the Debtor has compiled a extensive list of recent NYC medallion sales.

  On March 10, 2020 counsel for the Debtor received an email from bankruptcy counsel for DePalma Acquisitions I, LLC that the loans have apparently been sold and/or assigned from the NCUA to DePalma Acquisitions I, LLC ("DePalma") and requesting to speak prior to the March 11, 2020 341 meeting. On March 11, 2020, prior to the 341 meeting, my office spoke with counsel for DePalma and discussed the possibility of settlement and resolution of the loans. Based on the phone conversation, it appears that a consensual resolution, while not a certainty, is a possibility. I intend to have a follow up phone conversation with counsel for DePalma in the next few days to try and further explore resolution and to narrow down the potential sticking points.

  In addition to the above, the Debtor and Debtor's counsel have been in contact with the Subchapter V Trustee, the Debtor has opened the D.I.P. Bank Account, and has provided the office of the UST with proof of insurance and other requested documents. The Debtor with counsel also participated in the Initial Debtor Interview and appeared at the 341 meeting.

  As always, thank you for your time and have a great day.

  Sincerely,

  /s/ Charles A. Higgs